## Doylestown Aluminum Ware Company *v.* Stern, Appellant.

*Book accounts—Evidence—Finding of court.*

In an action of assumpsit on a book account defendant admitted the receipt of the goods. The evidence disclosed that defendant in reply to plaintiff's request for the return of the goods wrote that some of the articles were in the hands of prospective buyers; that he would get them together as soon as possible; and that "In the event that I shall not be able to recover the samples, I shall ask you to render a bill, less the original discount offered to me and I will pay for them." Under such circumstances a finding for the plaintiff will be sustained.

In such case the letters were properly admitted in evidence as admissions of liability.

*Motions for new trial—After discovered evidence—Cancellation of articles of incorporation in foreign state—Failure to show effect of.*

In a motion for a new trial, based upon after discovered evi-

dence, defendant produced the certificate of the Secretary of the State of Ohio showing that the articles of incorporation of the plaintiff company granted by that state were cancelled upon certificate of the Tax Commission. The effect of the cancellation under the Ohio laws was not shown.

In such case the mere submission of the certificate was not conclusive evidence that the legal existence of the corporation was dissolved, for all purposes and for all time and that the choses in action of the corporation were thereby destroyed and all its debtors released from liability, and a new trial was properly refused.

Argued October 21, 1926. Appeal No. 240, October T., 1926, by defendant from Judgment of M. C., Philadelphia County, June T., 1925, No. 1146, in the case of Doylestown Aluminum Ware Company v. Samuel Stern, individually and trading as Stern Metal Works. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN and CUNNINGHAM, JJ. Affirmed.

Assumpsit on book account. Before BROWN, J., without a jury.

The facts are stated in the opinion of the Superior Court.

The court found for the plaintiff in the sum of $150.41 and entered judgment thereon. Defendant appealed.

*Errors assigned* were to the rulings on evidence, refusal of defendant's motions for a new trial and for judgment non obstante veredicto.

*Maurice Stern,* for appellant, cited: Buehler v. U. S. Fashion Plate Co., 269 Pa. 428; Dunmore et ux. v. Padden, 262 Pa. 436; Koons v. Swartz, 47 Pa. Superior Ct. 217; Pirhalla v. DuQuesne Boro, 47 Pa. Superior Ct. 330; Slocum v. Perkins, 3 S. & R. 295.

*Edmund W. Kirby,* for appellee.

OPINION BY TREXLER, J., March 3, 1927:

The plaintiff, a foreign corporation, brought suit against the defendant on a book account. The case was tried by the court without a jury. At the trial, the plaintiff offered in evidence the book account attached to plaintiff's statement of claim and called attention to the fact that the correctness of it was not contraverted but that the statement in defendants's affidavit of defense was not that the goods were not delivered in quantity and of value as set forth in the bill, but that they were never bought. The court then stated and it was duly entered upon the record by the stenographer "there is no denial of the correctness of the book account." The appellant argues that this was not following the methods outlined in Buehler v. U. S. Fashion Plate Co., 269 Pa., 428, for putting the pleadings in evidence, but in view of the fact that the trial judge performed the functions of judge and jury and that after a specific part of the statement with a copy of the book account was offered, the court made the statement above set forth, which passed unchallenged, we think the court was justified in starting out with the fact that delivery of the merchandise in kind, quantity and price, as set forth, was admitted. Moreover, the defendant when put on cross-examination admitted that he received the goods.

The goods were shipped November 21, 1923 and on April 25, 1924, the defendant wrote a letter which was a reply to two letters written by the plaintiff in which he states that he will try to get the samples, as he designates the articles sent to him, together as soon as possible, as some were in the hands of a few prospective buyers. "In the event that I shall not be able to recover the samples I shall ask you to render a bill less the original discount offered to me and I will pay for them."

On August 4, 1924, the defendant wrote to the plain-

tiff that in the course of a few days they would pack up the stuff they had on hand and return it and on September 20th, the plaintiff wrote to the defendant, receipt of the letter being admitted, that they might return the goods in ten days or make settlement as indicated in their former letters. Suit was brought on June 24, 1925 and at that time, the goods had not been returned. There was absolutely no evidence at the trial of the case that the goods were ever returned. It requires no argument to show that defendant could not retain the goods indefinitely and that the court was right in holding that he was liable for their value. The appellant claims that the receipt of these letters was error for they were in the nature of an offer of compromise. We do not so regard them. They were admissions of liability. They showed that the defendant had no defense to the plaintiff's claim.

The defendant assigns for error the failure to grant a new trial, the grounds of which are after discovered evidence. He produced Exhibit "A" showing that the Articles of Incorporation of the Doylestown Aluminum Ware Company granted by the State of Ohio in 1911 were cancelled upon certificate of the Tax Commission filed February 15, 1926.

The only proof that has been brought to the court is the certificate of the Secretary of the State of Ohio attached to the supplemental reasons for a new trial and the court was right in refusing the new trial upon mere presentation of this certificate. We do not know what the effect of the cancellation was under Ohio laws or whether or not a subsequent submission of a report by the delinquent corporation would restore its corporate rights, for evidently the cancellation of the certificate was an effort to compel the corporation to file a report. The defendant should have taken means to present the matter in the proper way. Depositions should have been taken when the subject could have

been fully gone into. We would not regard the mere certificate submitted as conclusive evidence that the legal existence of the corporation was dissolved for all purposes and for all time and that the choses in action of the corporation were thereby destroyed and all its debtors released from liability.

All the assignments of error are overruled and the judgment is affirmed.